IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:18-CR-395 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION |
| EL'SHAWN WILLIAMS, | ) | |
| | ) | IN LIMINE |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through Justin Herdman, United States Attorney, Eric Dreiband, Assistant Attorney General for the Civil Rights Division, and the undersigned Department of Justice attorneys, hereby submits the following Motion in Limine.

**A. Motion to Exclude the Prior Bad Acts of a Non-Testifying Witnesses**

The Government has disclosed to the Defendant that one of the police officers who witnessed the events of this case, Shawn Simmons, has engaged in certain prior bad acts. Specifically, Mr. Simmons was convicted of two felonies in Norway and may have lied about or failed to disclose those convictions on his applications to become a police officer. The United States may or may not call Mr. Simmons as a witness in this case.

If the United States does not call Mr. Simmons as a witness, his prior bad acts are inadmissible and may not be referenced by the Defendant in front of the jury. Federal Rule of Evidence 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the

1

character or trait." Such propensity evidence is no more admissible against a third party than it would be against the Defendant. See United States v. Lucas, 357 F.3d 599, 605 (6th Cir. 2004) ("prior bad acts are generally not considered proof of *any* person's likelihood to commit bad acts in the future and that such evidence should demonstrate something more than propensity"). If Mr. Simmons does not testify, the sole purpose of introducing his prior bad acts would be to imply that he acted improperly in the situation at issue at in this case, which is expressly prohibited by the Rule.

If Mr. Simmons does testify, the United States concedes that his 2010 conviction for bodily harm would be permissible impeachment under Rule 609. However, his 2007 conviction for extortion, which falls outside the 10-year boundary of the Rule, should be excluded as more probative than prejudicial, both because of the time elapsed and because the Defendant has other avenues by which to question Mr. Simmons's honesty. The United States also concedes that Mr. Simmons's other possible acts of dishonesty, such as his lack of candor on his police-department applications, would be permissible grounds for cross-examination under Rule 608(b).

However, if Mr. Simmons does not testify at trial, his prior bad acts may not be raised by the Defendant at any point in front of the jury, be it voir dire, opening statement, cross-examination, or summation. To do so would be an impermissible attempt by the Defendant to lead the jury to nullify by casting guilt onto others.

**B. Motion to Prohibit Defendant's Reference to the Government's Failure to Call an Equally Available Witness**

The United States moves the Court for an order prohibiting the Defendant from making arguments to the jury about the Government's failure to call a witness who was equally available to both parties. Such a circumstance may arise in a factual scenario—like this one—where there

are multiple witnesses to a crime, not all of whom may be called to testify.

Parties may only argue to the jury about the existence of a "missing witness" if a two-part test is met. First, "the witness must be peculiarly within the opposing party's power to produce," and second, "the witness' testimony would elucidate the transaction." United States v. Frost, 914 F.2d 756, 765 (6th Cir. 1990) (internal citations and quotation marks omitted). There is no witness in this matter who is "peculiarly within the [Government's] power to produce;" therefore there is no witness that meets the definition of a "missing witness."

Circuit courts have generally held that, unless an individual is a "missing witness" under the above definition, the parties may not comment in closing argument about the other side's failure to call that witness. This is based on the broader premise that a party may not base his closing argument on evidence not in the record. United States v. Gibson, 513 F.2d 978, 980 (6th Cir. 1975) See also United States v. Addo, 989 F.2d 238, 242 (7th Cir. 1993); United States v. Hoenscheidt, 7 F.3d 1528, 1531 (10th Cir. 1993); Pennewell v. United States, 353 F.2d 870, 871 (D.C. Cir. 1965).

The Sixth Circuit has advised that before any party be permitted to argue to the jury about "missing witnesses," "an advance ruling from the trial court should be sought and obtained. The trial court, . . . before ruling on the appropriateness of such argument, must make the pertinent inquiries and findings indicated [in the two-part test] above." United States v. Blakemore, 489 F.2d 193, 196 (6th Cir. 1973). Because all of the witnesses in this case are available to both sides, the defense commenting on the failure of the prosecution to call any one of a number of witnesses would be improper and should not be permitted. Any argument by the defendant to the

3

contrary must be aired at the bench before being presented to the jury.

                    Respectfully submitted,

                    JUSTIN HERDMAN
                    United States Attorney

                    *s/Dana Mulhauser*
                    Dana Mulhauser
                    Trial Attorney
                    U.S. Department of Justice
                    Civil Rights Division
                    950 Pennsylvania Avenue NW
                    Washington, DC 20530
                    (202) 305-0007
                    Dana.Mulhauser@usdoj.gov

                    MICHAEL J. FREEMAN
                    Assistant United States Attorney
                    Ste. 308 433 North Summit Street
                    Toledo, OH 43604
                    (419) 259-6376
                    Michael.Freeman2@usdoj.gov

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon defense counsel a copy of the foregoing *Government Motion in Limine* by electronic delivery on the 5th day of April, 2019.

                                      s/*Dana Mulhauser*
                                      DANA MULHAUSER
                                      Trial Attorney